sentencing, the Penal Law did not authorize electronic monitoring as a condition of probation (*see, People v McNair*, 87 NY2d 772; *People v Soltis*, 229 AD2d 991). Consequently, we modify the judgment by vacating the sentence, and we remit the matter to Genesee County Court for resentencing. (Appeal from Judgment of Genesee County Court, Morton, J.—Criminal Possession Weapon, 3rd Degree.) Present—Pine, J. P., Lawton, Callahan, Doerr and Balio, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK RAINES, Appellant. [661 NYS2d 812] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of two counts of criminal sale of a controlled substance in the third degree and two counts each of criminal possession of a controlled substance in the third and seventh degrees, stemming from his sale of crack cocaine on two occasions to an undercover officer. A confidential informant accompanied the officer during the first transaction. By failing to move to dismiss the indictment on the ground that the People failed to produce the confidential informant as a witness, defendant failed to preserve that issue for our review (*see,* CPL 470.05 [2]; *People v Padro*, 75 NY2d 820, *rearg denied* 75 NY2d 1005, *rearg dismissed* 81 NY2d 989). In any event, the record does not support the contention that the suppression court ordered the People to produce the informant as a witness. Further, the only relief sought by defendant at trial was a missing witness charge, which relief the trial court granted.

There is no merit to the contention that improper comments by the prosecutor during summation deprived defendant of a fair trial. His comments on the evidence and credibility "were within the wide rhetorical bounds granted to the prosecutor" (*People v Price*, 144 AD2d 1013, *lv denied* 73 NY2d 895), and, although the prosecutor improperly expressed his personal belief on an evidentiary discrepancy concerning the height of defendant, that isolated comment did not substantially prejudice defendant (*see, People v Rubin*, 101 AD2d 71, 77).

We further conclude that the verdict is not contrary to the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495), that defendant was not denied effective assistance of counsel (*see, People v Baldi*, 54 NY2d 137, 147) and that the sentence is not unduly harsh or severe. (Appeal from Judgment of Onondaga County Court, Dwyer, J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Pine, J. P., Lawton, Callahan, Doerr and Balio, JJ.

■ ELMER E. SHELLEY, Appellant, v SOUTH BUFFALO RAILWAY COMPANY, Respondent. (Appeal No. 1.) [661 NYS2d 576]

—Appeal unanimously dismissed without costs (*see,* CPLR 5501 [a] [1], [2]). (Appeal from Order of Supreme Court, Erie County, Sconiers, J.—New Trial.) Present—Pine, J. P., Lawton, Callahan, Doerr and Balio, JJ.

■ ELMER E. SHELLEY, Appellant-Respondent, v SOUTH BUFFALO RAILWAY COMPANY, Respondent-Appellant. (Appeal No. 2.) [661 NYS2d 576] —Cross appeal unanimously dismissed (*see,* CPLR 5511; *Town of Massena v Niagara Mohawk Power Corp.,* 45 NY2d 482, 488; *Matter of Brown v Starkweather,* 197 AD2d 840, 841, *lv denied* 82 NY2d 653) and amended judgment affirmed without costs. (Appeals from Amended Judgment of Supreme Court, Erie County, Sconiers, J.—Personal Injury.) Present—Pine, J. P., Lawton, Callahan, Doerr and Balio, JJ.

■ In the Matter of SAYEH R. and Another, Children Alleged to be Neglected. MONROE COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant; PATRICIA ANN P., Respondent. [659 NYS2d 590] —Order unanimously affirmed without costs. Memorandum: Petitioner, Monroe County Department of Social Services, filed a petition in Monroe County Family Court alleging that Sayeh R. and Arash R. are neglected children within the meaning of article 10 of the Family Court Act and that respondent mother is chargeable with neglect. The petition was filed a week after a Florida court modified a prior visitation and custody order to grant custody to respondent, a Florida resident. This Court previously held that the courts of Florida, not New York, had jurisdiction to determine visitation and custody in this matter (*Matter of Mott v Rivazfar,* 236 AD2d 819).

Petitioner appeals from an order of Family Court dismissing the petition. We affirm. The court properly determined that it lacked personal jurisdiction over respondent.

Petitioner relies on Family Court Act § 1036 (c), which confers jurisdiction over nonresidents and nondomiciliaries where the allegedly abused or neglected child resides or is domiciled within the State and the alleged abuse or neglect occurred within the State. Petitioner's basis for asserting that the alleged abuse or neglect occurred within the State is twofold: first, in December 1995 respondent attempted to visit her daughter in New York in accordance with an order of the Florida court, frightening the daughter because respondent was in the car with a man the daughter did not recognize and, second, the children are suffering severe emotional turmoil in New York, tantamount to neglect, from respondent's efforts to enforce Florida orders of visitation and custody. Petitioner has cited no authority in support of its argument that the